1   Roland C. Colton, Esq., SBN 79896
    **COLTON LAW GROUP**
2   28202 Cabot Road
    Third Floor
3   Laguna Niguel, CA.  92677
    Telephone: (949) 365-5660
4   Facsimile: (949) 365-5662
    Email: rcc7@msn.com
5
    Alexander Escandari, Esq. SBN 183781
6   **L.A. TRIAL LAWYERS, INC.**
    8730 Wilshire Boulevard
7   Fifth Floor
    Beverly Hills, CA.  90211
8   Telephone: (310) 492-2000
    Facsimile: (310) 492-2001
9
10  Attorneys for Plaintiffs VAHDAT AGHDASY
    and the Proposed Class
11
12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15  VAHDAT AGHDASY, on behalf of himself     Case No.
    and all others similarly situated
16                                           **CLASS ACTION COMPLAINT**
                            Plaintiffs,
17                                           *Nationwide Class Representation*
    v.
18                                           *Jury Trial Requested*
    NORDSTROM, INC.; HAUTELOOK, INC.
19
                            Defendants.
20

21

22

23          Plaintiff VAHDAT AGHDASY, by and through his undersigned counsel, hereby files this

24  Class Action Complaint, individually, and on behalf of all others similarly situated—and makes

25  these allegations on the basis of information and belief and/or which are likely to have evidentiary

26  support after a reasonable opportunity for further investigation and discovery— against Defendants

27  Nordstrom, Inc. ("Nordstrom") HauteLook, Inc. ("HauteLook"), collectively referred to as

28  "Defendants," as follows:

# I.  INTRODUCTION

1.      Defendants have made false, misleading statements that are likely to deceive consumers.  Defendants have offered authentic vintage Rolex brand watches (the "Product") for sale to the general public, which watches are damaged, in poor condition, contain non-Rolex and inferior parts.  Defendants represent that the watches are shipped from the brand, but they are shipped instead from various jewelry stores.  Defendants further misrepresent the value of these watches, as the watches' true value is significantly less than the purchase price.  Defendants further mislead the consumer into believing that the watches are being sold at a 50% to 75% discount from their true value.  Defendants further provide the consumer with a false appraisal, purporting to appraise the watch that the consumer is purchasing, when in fact, the shipped watch has not been appraised at all.  Defendants provide photographs of the watch which the consumer believes he/she is purchasing, but the photograph is not of the watch that is being sold.  Defendants requires that the consumer purchase the watches, sight unseen, as is, without the option of returning the watch if the consumer is unhappy with it.

# II.  VENUE AND JURISDICTION

2.      This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000, exclusive of interest and costs.

3.      Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. §1332(d)(2), (5).  As set forth below, Plaintiff is a citizen of California and HauteLook is a Delaware corporation.  Therefore, diversity of citizenship exists under CAFA and diversity citizenship, as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A). Furthermore, Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed

1   Plaintiff Class in the aggregate are citizens of a state other than California, where this action is

2   originally being filed, and that the total number of members of the proposed Plaintiff Class is

3   greater than 100, pursuant to 28 U.S.C. §1332(d)(5)(B).

4        4.    Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as

5   set forth below, HauteLook conducts business in, and may be found in, this district, and Plaintiff

6   purchased the subject Product of this action in this judicial district.

7

8   ### III. PARTIES

9        5.    Plaintiff is an individual more than 18 years old and is a citizen of California,

10   resident of Tarzana, Los Angeles County. Plaintiff respectfully requests a jury trial on all damage

11   claims. In October, 2015, Plaintiff purchased a vintage Rolex watch from Defendants.

12        6.    In purchasing the Product, Plaintiff read and relied on the material representation that

13   he was receiving an authentic vintage Rolex watch, and further that the watch was in the same

14   excellent condition as the photograph that was referenced in the solicitation materials, and further

15   that the watch contained all Rolex parts, and further that the watch was being shipped by the brand,

16   and further that the watch was being sold at a discount of 50% to 75% of retail value, and further

17   that the watch was worth significantly more than the purchase price, and further relied on the

18   certified appraisal provided by HauteLook as to the value of the watch.

19        7.    Defendant Nordstrom, Inc. ("Nordstrom") is a coproration organized and existing

20   under the laws of the State of Washington, with its principal place of business at 1617 Sixth

21   Avenue, Seattle, Washington 98101. On information and belief, Plaintiff alleges that Nordstrom

22   owns and controls HauteLook, Inc. Nordstrom can be a considered a "citizen" of the State of

23   Washington for purposes of diversity jurisdiction or diversity of citizenship.

24        8.    Defendant HauteLook, Inc. ("HauteLook") is a corporation organized and existing

25   under the laws of the State of Delaware, with its principal place of business at 1212 South Flower

26   Street, Suite 300, Los Angeles, California 90015. HauteLook can be considered a "citizen" of the

27   State of Delaware for purposes of diversity jurisdiction or diversity of citizenship. HauteLook and

28   Nordstrom are collectively referred to herein as "Defendants."

9.     Plaintiff is informed and believe and thereon allege, that all times relevant herein, each of the Defendants was the agent, employee, partners, joint venturer, or co-conspirator of the remaining Defendants, and in doing the things alleged herein was acting within the scope of such agency, employment, partnership, joint venture, or conspiracy.  Plaintiff is informed and believes, and thereon alleges, that the conduct of each Defendant as alleged herein was known to and ratified by each of the other Defendants, and that the benefits thereof were accepted by each of the Defendants.

10.     Plaintiff is informed and believes and on that basis alleges that at all times relevant herein, Defendants, and each of them, were and remain the alter-egos of each other, that they did and still do dominate, influence and control each other, that there existed and still exists a unity of ownership between them, that the individuality and separateness of each entity was and remains non-existent, and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of the defendant entities is not disregarded and each such defendant held liable for all relief being sought herein.

11.     Plaintiff is informed and believes and on that basis alleges that at all times herein, Defendants, and each of them, knowingly and willfully conspired, joined and participated with each other in the conduct alleged in furtherance of a conspiracy between and among Defendants to enrich themselves at Plaintiff's expense, and that each such defendant is therefore liable with each other defendant for the conduct herein alleged, for the damages suffered by Plaintiff and for the relief being sought herein.

## IV.  FACTUAL ALLEGATIONS

12.     HauteLook is a "flash sales site" that has been in business since 2007.  In 2011, HauteLook was acquired by Nordstrom.  A person must become a member in order to purchase products from HauteLook.  HauteLook essentially means "fashionable look" or "high-class look."  HauteLook's promotional materials indicate that it is able to offer drastically reduced prices on name brand items.  Since it is advertised as Nordstrom-owned, the underlying idea is that a shopper is getting the same sort of quality items, including the same brand, as they would if they were

1  purchasing directly from the brand manufacturer. HauteLook's caché is that a shopper will be privy

2  to some really great deals–deals that are not otherwise available in a retail store–as a result of their

3  online membership.

4        13.    HauteLook hypes how much they can save consumers, although there are indications

5  that they inflate the retail prices in order to make it appear that the savings are significantly larger

6  than they truly are.

7        14.    One of the key selling points of HauteLook is the promise that "our merchandise is

8  100% authentic and comes direct from the brands." Although, HauteLook began, at some point,

9  including a disclaimer that watches may come from other vendors, the disclaimer is in small print

10 and difficult to locate.

11       15.    This action relates solely to Defendants' sale of vintage Rolex watches. In this

12 regard, HauteLook, from time to time, displays on their website and/or sends solicitations to

13 consumers, regarding vintage Rolex watches available at a drastically-reduced prices from retail

14 price. The online pages reflect a photograph of the particular watch (in new condition), including

15 a description of the watch. The online page also indicates the purchase price of the watch and

16 indicates the retail price, although a line is drawn through the retail price. Typically, the Rolex

17 watches are offered at a discount of 50% to 75% off the retail price.

18       16.    Purchasers are promised a certified appraisal of the watch, once the watch is

19 purchased. The certified appraisal sent to purchasers indicates that it is to be used for insurance

20 purposes and establish the retail value of the watch in the current market. Consumers are led to

21 believe that if they are receiving an incredible bargain, one that would not be available without

22 Hautelook's buying power and clout.

23       17.    In reality, the Rolex watches are not sent from the brand, but come from various

24 different vendors. In reality, the Rolex watches are not authentic, often containing a mixture of used

25 parts. In reality, the bezel is often glued and many parts are not Rolex. The Rolex watch sent to

26 consumers is worth substantially less than the price paid by the consumer. Furthermore, the

27 certified appraisal does not come close to establishing the watch's true value, even if it were new.

28 The certified appraisal certainly contemplates that the watches are authentic in every sense, though

1   they are vintage.

2        18.    The watches are sold "as is" and are not returnable.  Thus, a consumer does not have

3   the ability to inspect the watch before purchasing it.  Rather, the consumer must accept and pay for

4   the watch, sight unseen.

5        19.    Plaintiff and Class members received a "certified appraisal" from a company

6   identified as Swiss Watch Appraisers. According to the appraisal supplied by Defendants, the

7   appraisal's "purpose" is "to establish the retail value in the current market" of the Product and to

8   provide "an appraisal report ... for insurance purposes." There is no contact information for Swiss

9   Watch Appraisers on the appraisal.  In fact, although there is a website entitled "Swiss Watch

10   Appraisers" with the same logo as noted on the appraisal, the only contact information offered is

11   a telephone number which has been disconnected or is not working.

12        20.    On the basis of information and belief, Plaintiff and Class members allege that

13   Defendants formed, organized, sponsored, funded and/or aided in the formation and/or creation of

14   SwissWatchAppraisals for the express purpose of providing fraudulent appraisals that purport to

15   provide a value of the watch, though the specific watches sold have not been examined by

16   SwissWatchAppraisals. Defendants knew that the appraisals would be relied upon by prospective

17   and actual purchasers of the watch, in deciding whether to purchase the watch or not.  Defendants

18   further knew that their ability to sell the watches would be enhanced significantly if potential

19   purchasers believed that they were getting a great deal on the watch at the purchase price offered

20   by Defendants.

21        21.    In reality, there is no appraisal of the actual watch.  Rather, the appraisal is only of

22   an authentic Rolex watch as described in the appraisal, and not the one actually shipped.

23        22.    Consumers believe they are getting a watch worth a great deal of money and a great

24   bargain.  In reality, they are getting a decidedly inferior product that is worth far less than the

25   appraisal and substantially less than the purchase price.

26        23.    Plaintiff, like members of the Class, purchased the Product relying on the material

27   representation made by Defendants that the Product was an authentic vintage Rolex watch at the

28   time of the purchase.

24.     Plaintiff, like members of the Class, believed the material representation made by Defendants that he was receiving a vintage Rolex watch at a price which was 50% to 75% off the retail price of the watch.

25.     Plaintiff, like members of the Class, believed that he was receiving a watch which would be shipped directly from the brand.

26.     Plaintiff, like members of the Class, received an inferior Rolex-packaged watch, which contained many non-Rolex parts,

27.     Plaintiff, like members of the Class, would not have purchased the Product if he had known that Defendants' Product was inferior, worth substantially less than advertised, contained non-Rolex parts, was damaged and in poor condition, did not conform to the photograph in HauteLook's solicitation.

28.     Plaintiff and members of the Class have been economically damaged by their purchase of the Product, because the Product is worth significantly less than represented, contains non-Rolex parts, was not shipped from the brand, is inferior to the watch represented in Defendants' solicitation materials, contained damage and was in poor condition, and has a value far below the appraisal provided.

29.     Plaintiff brings this action to secure, among other things, equitable relief and damages for the Class against Defendants for false and misleading advertising in violation of California Business & Professions Code §17200, *et seq.,* §17500, *et seq.,* for violation of Consumer Legal Remedies Act, California Civil Code §1750, *et seq.,* for unjust enrichment, for breach of the warranty of merchantability, and for breach of express warranty, and for such other relief as may be determined appropriate at trial.

## V.  CLASS ACTION ALLEGATIONS

30.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

31.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

**all United States persons who have purchased vintage Rolex watches from Defendants at any time four years prior to the filing date of this Complaint ("Class Period").  Excluded from the Class are Defendants' officers and directors and the immediate families of the Defendant's officers and directors. Also excluded from the Class are Defendant's legal representatives, heirs, successors or assigns, and any entity in which Defendant has or had a controlling interest.**

32.     For purposes of the Complaint, the phrase "Class Members" and/or "Class" refers collectively to all members of this Class, including the named Plaintiff.

33.     Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

34.     Defendants' practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the California statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

35.     All members of the Class and any subclass were and are similarly affected by the deceptive solicitation of the Product, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

36.     Based on the annual sales of the Product and the popularity of the Product, it is apparent that the number of consumers in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

37.     Questions of law and fact common to Plaintiff's Class and any subclass exist that predominate over questions affecting only individual members, including, inter alia:

  a.     Whether Defendants committed fraud in the marketing, solicitation and sales of the Product;

  b.     Whether Defendants' conspired to commit fraud in the marketing, solicitation and sales of the Product;

  c.     Whether Defendants' practices and representations relating to the marketing, solicitation and sales of the Product were unfair, deceptive, misleading and/or unlawful in any respect, thereby violating Business and Professions Code §17200, *et seq.*;

  d.     Whether Defendants' practices and representations relating to the marketing,

1  solicitation and sales of the Product were fraudulent in any respect, thereby

2  violating Business and Professions Code §17200, *et seq.*;

3   e.   Whether Defendants' practices and representations relating to the marketing,

4  solicitation and sales of the Product constituted untrue advertising, thereby

5  violating Business and Professions Code §17500, *et seq.*;

6   f.   Whether Defendants' practices and representations relating to the marketing,

7  solicitation and sales of the Product were unfair, deceptive and/or unlawful

8  in any respect, thereby violating the Consumer Legal Remedies Act, Calif.

9  Civil Code §1750, *et seq.*;

10   g.   Whether Defendants were unjustly enriched as a result of Defendants'

11  marketing, solicitation and sales of the Product as herein described;

12   h.   Whether, by its actions as herein alleged, Defendants breached the implied

13  warranty of merchantability;

14   i.   Whether, by its actions as herein alleged, Defendants breached express

15  warranties; and

16   j.   Whether, and to what extent, injunctive relief should be imposed on

17  Defendants to prevent such conduct in the future.

18   38.   The claims asserted by Plaintiff in this action are typical of the claims of the

19  members of the Plaintiff Class and any subclass, as the claims arise from the same course of

20  conduct by Defendants, and the relief sought within the Class and any subclass is common to the

21  members of each.

22   39.   Plaintiff will fairly and adequately represent and protect the interests of the members

23  of the Plaintiff Class and any subclass.

24   40.   Plaintiff has retained counsel competent and experienced in both consumer

25  protection and class action litigation.

26   41.   Certification of this class action is appropriate under Federal Rule of Civil Procedure

27  23 because the questions of law or fact common to the respective members of the Class and any

28  subclass predominate over questions of law or fact affecting only individual members.   This

predominance makes class litigation superior to any other method available for a fair and efficient resolution of the claims.

42.     Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

43.     Certification is also appropriate because Defendants acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes.  Further, given the large number of consumers of the Product, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

44.     A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense, and burden on the courts that individual actions would engender.

45.     The benefits of proceeding as a class action, including providing a method of obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## FIRST CAUSE OF ACTION
### (Common Law Fraud)

46.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

47.     Defendants made material misrepresentations to Plaintiff concerning the Rolex watches that they offered to Plaintiff and Class members, including:

•       Watches were authentic vintage Rolex watches, containing Rolex parts;

•       True value of the watches were significantly less than the purchase price;

•       Watches were being sold at a 50% to 75% discount from market value;

1    •    The photograph of the offered watch was an actual picture of the watch being sold;

2    •    Watches would be shipped directly to the consumer from the brand;

3    •    Watches had been appraised by an independent appraisal service, establishing a

4    value for the watch significantly higher than the purchase price;

5    •    Watches were in good condition.

6    48.    Each of the above representations were false, including:

7    •    Watches were not authentic vintage Rolex watches, but rather contained many non-

8    Rolex parts;

9    •    The true value of the watches was significantly less than the purchase price;

10    •    The photograph of the offered watch was not an actual picture of the watch being

11    sold;

12    •    Watches were not sold directly from the brand, but rather from small jewelry stores;

13    •    Watches had not been appraised by an independent appraisal service; in fact, the

14    watches had not been appraised at all;

15    •    Watches were not in good condition, but contained scratches and other damage.

16    49.    At the time that Defendants made the above representations, Defendants knew that

17    the representations were false.

18    50.    Defendants made the representations with the intent that Plaintiff and Class members

19    purchase the offered watch at the price they set.

20    51.    Plaintiff and Class members relied upon the representations made by Defendants in

21    purchasing the watch, including the representation that the watches were vintage Rolex watches,

22    with authentic Rolex parts, that they were getting a great bargain at the price offered by Defendants,

23    that the watches had been appraised by an independent appraisal service for a prices far above the

24    purchase price, that the watches were in good condition, that the watches were being shipped from

25    the brand.  If Plaintiff and Class members had known the true facts, Plaintiff and Class members

26    would not have purchased the watches.

27    52.    As a direct and proximate result of Defendants' misrepresentations and fraud,

28    Plaintiff and Class members purchased watches which were worth substantially less than the price

they paid Defendants for the watches.  Plaintiff and Class members have therefore suffered damages between the value of the watch represented by Defendants and the purchase price paid by Plaintiffs, along with other damages which shall be proven at trial.

53.     Defendants conduct, as described above, was willful, oppressive, and malicious and was done with total disregard of the rights of Plaintiff and Class members, in that each of the Defendants was aware that the watches being sold were inferior, contained parts other than Rolex parts, were in poor condition, were not being shipped from the brand, were worth substantially less than the selling price, and that the appraisal provided to the purchaser was not an appraisal of the actual watch and the price contained on the appraisal was far more than what the watches were worth, and Defendants wrongful acts were not justified and were done with the knowledge and actual intent that such misconduct would cause substantial injury to Plaintiff and Class members and be oppressive to them.  As a result, in addition to whatever other remedies the Plaintiff and Class members may be entitled, Plaintiff and each of the Class members are entitled to recover punitive damages from each of the Defendants in an amount to be proven at trial and to make an example of and punish said Defendants and to deter them and others from engaging in similar fraudulent and deceptive conduct in the future.

54.     THEREFORE, Plaintiff asks for relief as set forth herein.

### SECOND CAUSE OF ACTION
**(Conspiracy to Commit Fraud)**

55.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

56.     At all times relevant herein Nordstrom, HauteLook and SwissWatchAppraisers decided to develop, establish, create and form a combination to carry out the fraudulent practices and actions set forth in the First Cause of Action and elsewhere in this Complaint.  In particular, Nordstrom, HauteLook and SwissWatchAppraisers created a fraudulent scheme whereby they would sell inferior vintage Rolex watches to the public at prices far above the actual value of the watch.  In doing so, Nordstrom, HauteLook and SwissWatchAppraisers realized that consumers

would want some assurances that the consumers were receiving a watch worth equal to or greater than the purchase price being paid.  Consequently, Nordstrom and HauteLook made arranges to establish, create, fund, or assist in the formation of SwissWatchAppraisals for the express purpose of providing appraisals to the consumers that would indicate that the purchase price of the watch was far below the retail value, and that thereby consumers were getting a great bargain.  Defendants knew that SwissWatchAppraisals would not be appraising individual watches, but rather would be providing a generic appraisal for a similar watch.  Defendants knew that the appraisal from SwissWatchAppraisals would not take into consideration the damage to the watch, the fact that inferior and non-Rolex parts were being used, and that the watch was not being shipped from the brand.  Defendants further conspired to commit the acts alleged in the First Cause of Action and as set forth elsewhere in this Complaint.

57.  Defendants, and each of them, did the acts and things alleged herein pursuant to and in furtherance of their conspiracy to sell inferior watches to the public at an inflated price, with the public believing that they were receiving a great bargain.  In particular, Defendants committed the acts alleged herein in further and pursuant to the conspiracy in marketing and selling watches to Plaintiff and Class members.

58.  Nordstrom further conspired with HauteLook by cooperating with, lending aid and/or encouraging HauteLook to commit the fraudulent acts alleged herein, and Nordstrom further ratified and adopted the acts of HauteLook in marketing and selling the watches in the fraudulent manner described herein.

59.  Defendants conduct, as described above, was willful, oppressive, and malicious and was done with total disregard of the rights of Plaintiff and Class members, in that each of the Defendants was aware that the watches being sold were inferior, contained parts other than Rolex parts, were in poor condition, were not being shipped from the brand, were worth substantially less than the selling price, and that the appraisal provided to the purchaser was not an appraisal of the actual watch and the price contained on the appraisal was far more than what the watches were worth, and Defendants wrongful acts were not justified and were done with the knowledge and actual intent that such misconduct would cause substantial injury to Plaintiff and Class members

1  and be oppressive to them.  As a result, in addition to whatever other remedies the Plaintiff and

2  Class members may be entitled, Plaintiff and each of the Class members are entitled to recover

3  punitive damages from each of the Defendants in an amount to be proven at trial and to make an

4  example of and punish said Defendants and to deter them and others from engaging in similar

5  fraudulent and deceptive conduct in the future.

6        60.  As a direct and proximate result of Defendant fraudulent actions, Plaintiff and Class

7  members have been damaged in an amount to be determined at trial.

8        61.  THEREFORE, Plaintiff asks for relief as set forth herein.

9

10                         **THIRD CAUSE OF ACTION**
   **(Business and Professions Code §17200, *et seq.* -**

11                       **Unlawful Business Acts and Practices**

12        62.  Plaintiff re-alleges and incorporates by reference the allegations set forth in the

13  preceding paragraphs of this Complaint.

14        63.  The acts of Defendants described above constitute unlawful business acts and

15  practices.

16        64.  The business practices alleged above are unlawful under the Consumers Remedy

17  Act, Cal. Civ. Code §1750, *et seq.* ("CLRA"), which forbids deceptive advertising.

18        65.  The business practices alleged above are unlawful under §17200, *et seq.* by virtue

19  of violating §17500, *et seq.*, which forbids untrue advertising and misleading advertising.

20        66.  As a result of the business practices described above, Business and Professions Code

21  §17203 entitles Plaintiff and Class Members to an order enjoining future conduct on the part of

22  Defendants and such other orders and judgments which may be necessary to disgorge Defendants'

23  ill-gotten gains and to restore to any person in interest any money paid for a vintage Rolex watch

24  as a result of the wrongful conduct of Defendants.

25        67.  The above-described unlawful business acts and practices of Defendants present a

26  threat and reasonable likelihood of deception to Plaintiff and members of the Class in that

27  Defendants have systematically perpetrated and continued to perpetrate such acts or practices on

28  members of the Class by means of their deceptive soliciting, marketing, distributing and selling of

the Product.

68.     THEREFORE, Plaintiff asks for relief as set forth herein.

**FOURTH CAUSE OF ACTION**
**(Business and Professions Code §17200, *et seq.* -**
**Unfair Business Acts and Practices**

69.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

70.     Such acts of Defendants, as described above, and each of them, constitute unfair business acts and practices.

71.     Plaintiff, and other members of the Class who purchased the Product, suffered a substantial injury of buying a product that they would not have purchased absent Defendants' unfair soliciting and marketing, or by paying an excessive premium price fo the unfairly marketed Product.

72.     There is no benefit to consumers or competition by deceptively marketing the Product (vintage Rolex watches as authentic, shipped from the brand).  Indeed, the harm to consumers and competition is substantial.

73.     Plaintiff and other members of the Class who purchased the Product had no way of knowing that the Product they bought was not actually as marketed.  Thus, they could not have reasonably avoided the injury each of them has suffered.

74.     The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and other members of the Class.

75.     As a result of the business acts and practices described above, Plaintiffs and the Class, pursuant to Business and Professions Code §17203, are entitled to an order enjoining such future conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the Product as a result of the wrongful conduct of Defendants.

**FIFTH CAUSE OF ACTION**
**(Business and Professions Code §17200, *et seq.* -**
**Fraudulent Business Acts and Practices**

76.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

77.     Such acts of Defendants as described above, and each of them, constitute fraudulent business practices under California Business and Professions Code §17200, *et seq.*

78.     As more fully described above, Defendants' deceptive marketing of the Product is likely to deceive reasonable consumers.  Indeed, Plaintiff and other members of the Class were unquestionably deceived regarding the quality, characteristics and true value of the Product sold by Defendants, as Defendants' marketing of the Product omits the true quality, characteristics and value of the Product.  Said acts are deceptive business acts and practices.

79.     This deception caused Plaintiff and members of the Class to purchase the Product or pay more than they would have for the Product, had they known or understood the true nature and quality of the Product.

80.     As a result of the business acts and practices above, Plaintiff and the Class, pursuant to Business, pursuant to Business and Professions Code §17203 are entitled to an order enjoining such future conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the Product as a result of the wrongful conduct of HauteLook.

**SIXTH CAUSE OF ACTION**
**(Business and Professions Code §17500, *et seq.* -**
**Misleading and Deceptive Advertising**

81.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

82.     Such acts of Defendants as described above, and each of them, constitute misleading and deceptive advertising under California Business and Professions Code §17500, *et seq.*

83.     At all material times, Defendants engaged in a scheme of offering their Product for sale to Plaintiff and other members of the Class by way of, *inter alia*, commercial marketing. These

marketing materials misrepresented or omitted the true content, quality, characteristics, condition and value of the Product. Said advertisements and inducements were made within the State of California and come within the definition of advertising as contained in Business and Professions Code § 17500, *et seq*. in that such marketing materials were intended as inducements to purchase the Product and are statements disseminated by Defendants to Plaintiff and the Class and were intended to reach members of the Class.  Defendants knew, or in the exercise of reasonable care should have known, that these statements were deceptive.

84.    In furtherance of said plan and scheme, Defendants prepared and distributed within California and the United States via commercial marketing, statements that deceptively represent the contents, quality, characteristics, condition and value of the Product.  Consumers, including Plaintiffs, necessarily and reasonably relied on these materials concerning the Product. Consumers, including Plaintiff and the Class, were among the intended targets of such representations.

85.    The above acts of Defendants, in disseminating said deceptive statements throughout the State of California to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Class, by obfuscating the true contents, quality, characteristics, condition and value of the Product, all in violation of the "misleading prong" of California Business and Professionals Code §17500.

86.    As a result of the above violations of the "misleading prong" of the Business and Professions Code § 17500, *et seq*., Defendants have been unjustly enriched at the expense of Plaintiff and the other members of the Class. Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to any person in interest any money paid for the Product as a result of the wrongful conduct of Defendants.

87.    THEREFORE, Plaintiffs ask for relief as set forth below.

///

///

///

**SEVENTH CAUSE OF ACTION**
**(Business and Professions Code §17500, *et seq.* -**
**Untrue Advertising**

88.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

89.    Such acts of Defendants as described above, and each of them, constitute untrue advertising under California Business and Professions Code § 17500, *et seq*.

90.    At all times, Defendants engaged in a scheme of offering the Product for sale to Plaintiffs and other members of the Class by way of, *inter alia*, commercial marketing and advertising materials. These materials misrepresented the true nature, condition, quality, characteristics, content and value of the Product. Said advertisements and inducements were made within California and the United States and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that such promotional materials were intended as inducements to purchase the Product and are statements disseminated by Defendants to Plaintiff and the Class and were intended to reach members of the Class.  Defendants knew, or in the exercise of reasonable care should have known, that these statements were untrue.

91.    In furtherance of said plan and scheme, Defendants have prepared and distributed within the State of California and the United States via commercial marketing, that deceptively tout the nature, content, qualify, characteristics, condition and value of the Product. Consumers, including Plaintiff and Class members, are among the intended targets of such representations and would reasonably be deceived by such materials.

92.    The above acts of Defendants in disseminating said untrue advertising throughout the State of California and the United States deceived Plaintiff and other members of the Class by obfuscating the nature, quality, characteristics, condition, content and value of the Product, all in violation of the "untrue prong" of California Business and Professions Code §17500.

93.    As a result of the above violations of the "untrue prong" of the Business and Professions Code §17500, *et seq*., Defendants have been unjustly enriched at the expense of Plaintiff and the other members of the Class. Plaintiff and the Class, pursuant to Business and Professions Code §17535, are entitled to an order of this Court enjoining such future conduct on

the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to any person in interest any money paid for the Product as a result of the wrongful conduct of Defendants.

94.     THEREFORE, Plaintiffs ask for relief as set forth below.

**EIGHTH CAUSE OF ACTION**
**(Consumer Legal Remedies Act - Cal. Civ. Code §1750, *et seq.*)**
**(Injunctive Relief Only)**

95.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

96.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"). This cause of action does not seek monetary damages at this point, but is limited solely to injunctive relief. Plaintiffs will amend this Class Action Complaint to seek damages in accordance with CLRA after providing Defendants with notice pursuant to Cal. Civ. Code §1782.

97.     Defendants' actions, representations, and conduct, as described above, and each of them, have violated and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

98.     Plaintiff and other Class members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code §1761(d).

99.     The Product that Plaintiff and other members of the Class purchased from HauteLook were "goods" within the meaning of Cal. Civ. Code §1761(a).

100.     By engaging in the actions, misrepresentations, and misconduct set forth in this Class Action Complaint, Defendants have violated, and continues to violate, §1770(a)(7) of the CLRA. Specifically, in violation of Cal. Civ. Code §1770(a)(7), Defendants' acts and practices constitute deceptive methods of competition, in that they misrepresent the particular standard, quality, or grade of the goods.

101.     By engaging in the actions, misrepresentations, and misconduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, §1770(a)(16) of the CLRA.

Specifically, in violation of Cal. Civ. Code §1770(a)(16), Defendants' acts and practices constitute deceptive methods of competition, in that they represent that a subject of a transaction has been supplied in accordance with a previous representation when they have not.

102.    Plaintiffs request that this Court enjoin Defendants from continuing to employ the unlawful methods, acts, and practices alleged herein to Cal. Civ. Code §1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

103.    THEREFORE, Plaintiffs ask for relief as set forth below.

## NINTH CAUSE OF ACTION
### (Unjust Enrichment)

104.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

105.    As a result of Defendants' deceptive marketing and sale of the Product, as described above, Defendants were enriched, at the expense of Plaintiff and those similarly situated, through the payment of the purchase price for the Product.

106.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that it received from Plaintiff and those similarly situated, in light of the fact that the Product purchased by the Plaintiff, and those similarly situated was not what Defendants purported it to be. Thus, it would be unjust or inequitable for Defendants to retain the benefit without restitution to Plaintiff, and those similarly situated, for monies paid to Defendants for the Product.

107.    THEREFORE, Plaintiffs ask for relief as set forth below.

## TENTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

108.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

109.    Plaintiff and other Class members purchased the Product, which was marketed as

an authentic vintage Rolex watch, shipped from the brand, in good condition and without damage, with authentic Rolex parts, at a retail value far in excess of the purchase price, and as more fully set forth above. Pursuant to these sales, Defendants impliedly warranted that the Product would be merchantable and fit for the ordinary purposes for which such goods are used and conform to the promises or affirmations of fact made in Defendants' marketing, packaging, and labeling. As a result, Plaintiff and Class members relied on Defendants' representations that the Product was in good condition, worked properly, had authentic Rolex parts, thereby insuring that it would operate as expected by a high-quality Rolex watch and with a longevity associated with a high-quality Rolex watch. By Defendants' representations regarding the reputable nature of the Product and the manufacturer thereof, and by their marketing, packaging, and labeling of the Product, Defendants warranted that the Product was in good condition, worked properly, had authentic Rolex parts, thereby insuring that it would operated as expected by a high-quality Rolex watch and with the longevity associate with a high-quality Rolex watch. Plaintiff and Class members bought Defendants' Product, relying Defendants' representations as set forth above. The representations made by Defendants do not conform to the Product provided by Defendants to Plaintiff and Class members.

110.    Defendants breached the warranty implied at the time of the sale in that Plaintiff and Class members did not receive the condition, quality, characteristics, content and value of the Product as represented, but instead received a much inferior product that contained many non-Rolex parts, and, thus, the goods were not merchantable as fit for the ordinary purposes for which such goods are used or as marketed.

111.    As a proximate result of this breach of warranty by Defendants, Plaintiff and Class members have suffered damages in an amount to be determined at trial in that, amount other things, they purchased and paid a premium for the Product that did not conform to what was promised in Defendants' marketing, packaging and labeling. In addition, Plaintiff and Class members were deprived of the benefit of their bargain and spent money on the Product, when it had less value than warranted. Plaintiff and Class members would not have purchased the Product, or would not have purchased the Product at a premium, had they known the true facts about the product.

112.   THEREFORE, Plaintiffs ask for relief as set forth below.

### ELEVENTH CAUSE OF ACTION
**(Breach of Express Warranty)**

113.   Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

114.   Plaintiff is informed and believes and thereon alleges that Defendants made express warranties, including but not limited to the quality, condition, characteristics, content and value of the Product, including the fact that the Product was in good condition, was similar in view as to the photograph in the solicitation materials, that the Product was an authentic vintage Rolex watch, that the Product was not damaged, that the Product contained non-Rolex parts, that the Product was worth significantly more than the purchase price, and that the Product was being sold at a 50% to 75% discount from retail price, that the certified appraisal provided by Defendants was a valid appraisal of the Product.

115.   In fact, the Product did not conform to the representations made by Defendants, in that the Product was not an authentic vintage Rolex watch, contained non-Rolex parts, that the Product was damaged and/or in poor condition, that the Product did not have the same high-quality appearance as the photograph used in the solicitation materials, that the Product was worth significantly less than the purchase price, that the Product was not a good bargain being sold at a 50% to 75% discount from the retail price, that the product was worth far less than the retail price provided by Defendants, and that there was no appraisal of the actual watch that was being provided to the consumer.

116.   The failure of the Product to conform to the express warranty provided by Defendants has cause Plaintiff to suffer economic damages as herein described.

117.   Plaintiff seeks all available remedies and damages for Defendants' breach of express warranty.

118.   THEREFORE, Plaintiffs ask for relief as set forth below.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs ask the Court to enter the following judgment:

1.     Approving of the Class, certifying Plaintiff as a representative of the Class, and designating their counsel as counsel for the Class;

2.     Declaring that Defendants have committed the violations alleged herein;

3.     Granting restitution and disgorgement, pursuant to the California Business & Professions Code §§ 17200, et seq. and 17500, et seq.;

4.     Granting declaratory and injunctive relief, pursuant to the California Business and Professions Code §§ 17200, et seq. and 17500, et seq.;

5.     Requiring Defendants to disgorge all ill-gotten gains flowing from the conduct described in this Complaint;

6.     For actual damages to be determined at trial;

7.     For exemplary and/or punitive damages;

8.     For reasonable attorney's fees;

9.     For an award of costs;

10.     For pre- and post-judgment interest on any amounts awarded; and

11.     For any other relief as the Court might deem just, appropriate, or proper.

Dated: March *16*, 2016

**COLTON LAW GROUP**

ROLAND C. COLTON

-and-

**L.A. TRIAL LAWYERS**
Alexander H. Escandari

*Attorneys for Plaintiff Vahdat Aghdasy and the Proposed Class*

*Attorneys for Plaintiffs*

23

## REQUEST FOR TRIAL BY JURY

Plaintiffs hereby request that all causes of action, other than equitable relief, be tried before a jury in this matter.

Dated: March 16, 2016

**COLTON LAW GROUP**

Roland C. Colton

-and-

**L.A. TRIAL LAWYERS**
Alexander H. Escandari

*Attorneys for Plaintiff Vahdat Aghdasy and the Proposed Class*